PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. José N. RODRÍGUEZ, Defendant and Appellant.

No. 3544. Argued November 21, 1928.—Decided July 23, 1929.

*Luis Toro Cabañas,* for appellant.  *José E. Figueras,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

José N. Rodríguez was charged with violation of subdivisions (*a*) and (*d*) of section 13 of the Motor Vehicles Act in that at 8: 30 o'clock a. m., on December 15, 1927, and at stop 39, Hato Rey, Río Piedras, while driving an automobile along the public highway he, unlawfully, maliciously and wilfully, violated the act regulating the operation of motor vehicles in Porto Rico, because, without due regard to the width, amount of traffic and use of the highway, he was driving the said automobile without proper care at more than 48 kilometers an hour and racing another automobile, driven by Luis Felipe. Padilla in the direction of Santurce, defendant's automobile colliding with a horse car which belonged to Adabalejo Rodríguez, who was driving along his right and who was thereby severely injured, his horse receiving an incised wound.

It is contended by defendant in his appeal from a judgment of conviction entered against him in the present case that the trial court erred in dismissing his demurrer to the complaint based on the grounds that it does not allege facts sufficient to charge him with any public offense and that it is doubtful, unintelligible and ambiguous as it contains duplicate charges.

Section 13 of the said Act No. 75 of 1916 (Session Laws, p. 148) reads in part as follows:

"Section 13.—(*a*) The speed of motor vehicles shall at all times

be regulated with due care and with due regard to the width, amount of traffic and use of the highway, but the driving at any time of any motor vehicle on the public highway at any rate of speed faster than forty-eight kilometers an hour, or within the urban zone of a municipality faster than twenty-four kilometers per hour, shall be prima facie evidence that it was being driven without due care.

"  *        *        *        *        *        *        *

"(d) Racing a motor vehicle, or operating a motor vehicle on a bet or wager on the public highway, shall be illegal."

It is true, as argued by appellant, that the driving of an automobile at more than 48 kilometers an hour is not a public offense but only prima facie evidence that the vehicle was being driven without due care, and we have so held in *People* v. *Casanovas*, 38 P.R.R. 197; but it is also true, as provided in subdivision (a) above quoted, that the speed of a motor vehicle shall be regulated with due care and with due regard to the width, amount of traffic and use of the highway, and likewise that the violation of any of the provisions of said Act is a public offense, according to section 18 thereof. Therefore, as it was charged in the complaint that defendant at the place stated therein was driving his automobile at more than 48 kilometers an hour without regard to the width, amount of traffic and use of the highway, it clearly alleges facts constituting a violation of the provisions of the aforesaid subdivision (a).

The complaint charged appellant with violation of section 13 of the cited statute in that he drove the automobile without due care and also in that he was racing another car, which is declared to be illegal by subdivision (d) of the said section; but the act of charging him in two different ways with violation of the provisions of said statute is not equivalent to charging him with two offenses, as we have decided in *People* v. *Collazo*, 20 P.R.R. 190, where we said that "when, as in the case of section 368 of the Penal Code, a statute makes it a crime to commit any one of several acts mentioned disjunctively, all or any of them may be charged conjunctively."

The third error assigned is that the trial court erred in refusing to admit in evidence the record in another cause prosecuted against Luis Felipe Cuevas Padilla for a like offense as that charged herein against defendant and which occurred in connection with the latter at the same time. That evidence was offered by appellant in order to show that Cuevas Padilla was acquitted; but it was clearly inadmissible because it matters very little, for the purposes of this case, what transpired in another cause or whether Cuevas Padilla was acquitted therein.

The fourth and last assignment of error is that the evidence was weighed erroneously. We have read the testimony of the witnesses and we are of opinion that it supports the judgment of conviction, because it appears therefrom that the place mentioned in the complaint is in front of the University of Porto Rico which, as we know, is at the entrance of the town of Río Piedras—a circumstance which makes it a place where traffic is heavy—that appellant was driving his automobile through it rather fast, that he was racing another vehicle, and that his automobile collided there with a car driven by Adabalejo Rodríguez, wounding him and his horse.

The judgment appealed from must be affirmed.